NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

10th Circuit Court-Brentwood Probate Division
Case No. 2024-0467
Citation: In re Guardianship of K.S., 2025 N.H. 47


IN RE GUARDIANSHIP OF K.S.

Argued: October 9, 2025
Opinion Issued: November 7, 2025


One Sky Community Services, of Portsmouth (Alexandra Rappaport on the memorandum of law and orally), for the petitioner.


Amy B. Davidson, of Contoocook, on the brief and orally, for the respondent.


DONOVAN, J.

[¶1] The respondent, K.S., appeals orders issued by the Circuit Court (Quigley, J.) denying her motion to dismiss petitioner One Sky Community Services' guardianship petition and appointing a guardian over her person. K.S. argues that the trial court erred in: (1) finding that it had jurisdiction and venue over her guardianship proceeding; and (2) finding that she is incapacitated and that a guardianship is necessary and least restrictive of her civil rights and liberties under RSA 464-A:9, III(a)-(d) (2018). We conclude that the trial court lacked jurisdiction. Accordingly, we vacate and remand with instructions to dismiss.

## I.    Facts

[¶2] The record supports the following facts.  K.S. grew up in New Hampshire.  After suffering a traumatic brain injury, she began receiving case management services from the petitioner.  It sought to place her at a residential rehabilitative facility but struggled to find an adequate program in New Hampshire.  As a result, in August 2020 K.S. entered a residential facility in Maine.  She had been living in Maine with her boyfriend since 2019, after her injury.  K.S. remained in residential care in Maine thereafter.

[¶3] In May 2024, faced with K.S.'s impending eviction from her residential care program and her possible return to New Hampshire, the petitioner filed a petition for guardianship over K.S.'s person.  K.S. moved to dismiss the petition for lack of jurisdiction and venue.  She argued that a New Hampshire court could not hear the petition because she lived in Maine.  The trial court took the motion under advisement.  Following a hearing, the court issued a narrative order denying K.S.'s motion to dismiss and an order appointing the Office of Public Guardian as the guardian over K.S.'s person.  K.S. moved for reconsideration of the guardianship order and the court's denial of her motion to dismiss, which the court denied.  This appeal followed.

## II.    Analysis

[¶4] On appeal, K.S. first argues that the trial court lacked jurisdiction and venue over her guardianship proceeding because she resided in Maine.  Subject matter jurisdiction is jurisdiction over the nature of the case and the type of relief sought.  In re Guardianship of K.B., 172 N.H. 646, 648 (2019).  A court lacks power to hear or determine a case concerning subject matter over which it has no jurisdiction.  Id.  A party may challenge subject matter jurisdiction at any time during the proceeding, including on appeal, and may not waive subject matter jurisdiction.  Id.  The court may also raise subject matter jurisdiction sua sponte.  Id.  "The scope of a court's jurisdiction pursuant to a statute . . . presents a question of law," which we review de novo.  Id.; see In re Guardianship of D.E., 176 N.H. 284, 288 (2023).

[¶5] First, we must address the issue of which statute governs whether the trial court had subject matter jurisdiction over the guardianship petition for K.S.  The trial court order and the parties analyze the court's jurisdiction under RSA 464-A:3 (2018) ("The probate court shall have exclusive jurisdiction over the appointment of a guardian of the person . . . . [V]enue for guardianship proceedings for a proposed ward is in the county where the proposed ward resides, or . . . is physically present when the proceedings are commenced.").  However, RSA 464-A:3 is inapposite to the jurisdictional inquiry here.  Instead, as discussed below, New Hampshire's enactment of the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act

2

(UAGPPJA) governs whether a New Hampshire court, rather than another state's court, may exercise subject matter jurisdiction over an adult guardianship petition.  See RSA 464-C:8 (2018).  A court with proper jurisdiction over an adult guardianship petition in New Hampshire must then apply the procedural and substantive law governing adult guardianship proceedings, which is set forth in RSA chapter 464-A (2018).

[¶6] To resolve the jurisdictional issue in this case, we must interpret the UAGPPJA as it has been enacted in New Hampshire under RSA chapter 464-C (2018).  See In re Guardianship of K.B., 172 N.H. at 648 (construing RSA chapter 458-A (2018), New Hampshire's enactment of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)).  We rely upon our ordinary rules of statutory construction in doing so.  Id.  We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning.  Id.  Where a statute defines a particular word or phrase, however, that definition will govern.  Id.  We construe all parts of a statute together to effectuate its overall purpose and to avoid an absurd or unjust result.  Id. at 649.  Therefore, we proceed to analyze subject matter jurisdiction over K.S.'s adult guardianship proceeding under the framework provided in RSA chapter 464-C.  See RSA 464-C:8 ("This chapter provides the exclusive jurisdictional basis for a court to address and adjudicate a case falling within the provisions of this chapter.").

A.  Home State Jurisdiction

[¶7] RSA 464-C:9 first provides that a New Hampshire court may appoint a guardian for a respondent whose "home state" is New Hampshire.  RSA 464-C:9, I.  "Home state" is defined as: (1) "the state in which the respondent was physically present, including any period of temporary absence, for at least 6 consecutive months immediately before the filing of a petition" for guardianship; or (2) if no such state exists, "the state in which the respondent was physically present, including any period of temporary absence, for at least 6 consecutive months ending within the 6 months prior to the filing of the petition."  RSA 464-C:7.

[¶8] For home state jurisdiction, "actual physical presence is necessary." See Unif. Adult Guardianship & Protective Proceedings Jurisdiction Act § 201 cmt. (distinguishing the UAGPPJA's definition of "home state" from that in the UCCJEA, which focuses on where the child has "lived").  This emphasis on physical presence is premised upon the principle that "[d]omicile, in an adult guardianship context, is a vague concept that can easily lead to claims of jurisdiction by courts in more than one state."  Id.  Actual physical presence refers to the respondent's physical location.  See id., prefatory note ("A respondent in a guardianship or protective proceeding . . . will have only one

3

home state.").  In addition, "the six-month physical presence requirement is fulfilled or not on the date the petition is filed."  Id. § 203 cmt.

[¶9] The parties do not dispute that K.S. was physically present in Maine continuously from 2019 until the guardianship petition's filing in May 2024 — first at her boyfriend's home, and then at rehabilitative facilities.  This period substantially exceeds the required six months.  See RSA 464-C:7, :9, I. Because the parties incorrectly seek to apply RSA 464-A:3, II(a) to determine K.S.'s residence, they argue over whether the trial court correctly determined — pursuant to this statutory provision — that she is a New Hampshire resident because she does not voluntarily live in Maine, she receives New Hampshire Medicaid funds, and she lacks Maine identification.  These factors are immaterial to the home state inquiry, however.  See RSA 464-C:7, :9, I. Because K.S. was continuously physically present in Maine during the statutorily required period, Maine was her home state under RSA 464-C:7. Accordingly, the trial court did not have home state jurisdiction over her guardianship proceeding.

B. Significant-Connection Jurisdiction

[¶10] Alternatively, a New Hampshire court may issue a guardianship order if:

> II. On the date the petition is filed, this state is a significant-connection state and:
>> (a) The respondent does not have a home state or a court of the respondent's home state has declined to exercise jurisdiction because this state is a more appropriate forum; or
>> (b) The respondent has a home state, a petition for an appointment or order is not pending in a court of that state or another significant-connection state, and, before the court makes the appointment or issues the order:
>>> (1) A petition for an appointment or order is not filed in the respondent's home state;
>>> (2) An objection to the court's jurisdiction is not filed by a person required to be notified of the proceeding; and
>>> (3) The court in this state concludes that it is an appropriate forum under the factors set forth in RSA 464-C:12 . . . .

RSA 464-C:9; see also RSA 464-C:7 (setting forth factors relevant to a court's determination of "whether a respondent has a significant connection with a particular state").  For the purposes of RSA 464-C:9, II(b)(2), the people "required to be notified" of an adult guardianship proceeding include the

respondent and certain others.  See RSA 464-A:5, I, III-IV (specifying notice requirements for a guardianship proceeding).

[¶11] Here, regardless of whether K.S. had a significant connection with New Hampshire, neither RSA 464-C:9, II(a) nor RSA 464-C:9, II(b) is satisfied. RSA 464-C:9, II(a) does not govern because K.S.'s home state was Maine, as explained above, and a Maine court had not declined to exercise jurisdiction. RSA 464-C:9, II(b) is also inapplicable because K.S. — who, as the respondent, was "required to be notified of the proceeding" — had filed a motion to dismiss objecting to jurisdiction.  See RSA 464-A:5, I, III-IV; RSA 464-C:9, II(b)(2); see also In re Estate of Kevin Lee Hanson, 848 S.E.2d 204, 209 (Ga. Ct. App. 2020) (rejecting significant-connection jurisdiction because the respondent's children, who were required to receive notice of the proceeding under relevant state law, had filed motions to dismiss objecting to jurisdiction).  Thus, the court also lacked significant-connection jurisdiction.

### III.    Conclusion

[¶12]  A lack of subject matter jurisdiction is dispositive.  See In re Guardianship of K.B., 172 N.H. at 648.  We therefore decline to address the remaining issues K.S. raises and vacate, remand and instruct the trial court to dismiss the petition.

Vacated and remanded.

MACDONALD, C.J., and COUNTWAY and GOULD, JJ., concurred.

5